CLERK'S OFFICE U.S. DIST. COURT
AT ~~ROANOKE~~, VA
FILED
in open court
JUL 23 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 3:13CR00015-01 |
| | : | |
| GETTY ANDREW ROTHENBERG | : | |

## STATEMENT OF FACTS

The parties stipulate that the allegations contained in Count One of the Criminal Information and the following facts are true and correct, and that had this matter gone to trial, the United States would have proven each of them beyond a reasonable doubt:

1. Beginning approximately in 2001 and continuing through early 2012, the defendant GETTY ANDREW ROTHENBERG worked as a personal assistant and financial manager for the victim in this case, hereinafter referred to as "BCT." ROTHENBERG's work involved arranging various personal transactions for BCT, including house purchases and renovations and the payment of bills and expenses. ROTHENBERG also pursued various business ventures for BCT and directed investments of money earned by BCT, including a hedge fund, other securities, and real estate. ROTHENBERG also travelled both domestically and internationally to pursue BCT's various business ventures.

2. Soon after the commencement of ROTHENBERG'S work for BCT, the two men agreed that BCT would pay ROTHENBERG a salary of $50,000 per year for his financial and professional services. Several years later, ROTHENBERG and BCT agreed to increase ROTHENBERG'S salary to $60,000 per year.

*Defendant's Initials:* ___

3. To facilitate his work for BCT, ROTHENBERG obtained accounts in BCT's name at several banks. He also established lines of credit in BCT's name and facilitated BCT's access to that credit. Sometime in the early 2000's, ROTHENBERG established two accounts on BCT's behalf at SunTrust Bank, located in Richmond, Virginia. One of these accounts was established with the name "Frances Jacob." ROTHENBERG established the "Frances Jacob" account for the purpose of paying BCT's personal expenses. In 2006 and 2007, ROTHENBERG obtained several accounts for BCT at Union First Market Bank ("UFMB"), located in Richmond, Virginia. In 2006, ROTHENBERG obtained a durable Power of Attorney from BCT, which enabled him to sign legal and other documents on BCT's behalf. He specifically arranged for similar signature authority on the various BCT bank accounts at SunTrust and Union First Market Bank.

4. ROTHENBERG established a system by which ROTHENBERG would notify BCT of bills and personal expenses that were due to be paid each month. ROTHENBERG would provide such notification via email. In these wire communications, which were often sent by ROTHENBERG from his office in Richmond, Virginia to BCT at his residence in Charlottesville, Virginia, ROTHENBERG would specify the bills that were due and ask BCT to transfer funds into the "Frances Jacob" account at SunTrust. After BCT transferred money as directed by ROTHENBERG, ROTHENBERG would subsequently pay BCT's bills from the "Frances Jacob" account. ROTHENBERG regularly misrepresented the specific figures contained in these bills and padded them as a means of obtaining BCT's money for his personal use. For example, on October 24, 2011, ROTHENBERG sent BCT an electronic mail message that indicated that BCT had certain bills due and payable that month. The email read:

*Defendant's Initials:* _90_

> "BT
>
> We need to pay...
>
> | | |
> |---|---|
> | $11,843.63 | Town of Dennis 3Q Real Estate taxes (lots 10 and 12 Beagle By-way) |
> | $13,306.29 | County of Albemarle 3Q Real Estate tax (NG) |
> | $ 7,329.86 | County of Albemarle 3Q Real Estate taxes (NG, adjacent lots and tennis facility) |
> | $ 8,908.98 | County of Albemarle 3Q Real Estate taxes (SP) |
>
> Total $41,388.76
>
> Please email Gail Taylor at gail.taylor@suntrust.com and heave *(sic)* her transfer $41,388.76 to FJ. Please cc me for disbursal.
>
> Thx, GAR"

On October 25, 2011, in response to the above email, BCT transferred $42,000 from a personal account to the "Francis Jacob" account at SunTrust Bank. The figures cited above by ROTHENBERG were fictitious as they relate to the amounts owing Albemarle County and inflated as they relate to the amount owing the Town of Dennis.

5. As detailed in the Criminal Information filed in this matter, ROTHENBERG regularly sent BCT electronic communications which contained similarly fictitious and inflated figures as a means of obtaining money from BCT for his personal use. ROTHENBERG used the money transferred to the "Frances Jacob" account by BCT to pay the correct amount due under the cited bills, if they in fact existed. ROTHENBERG removed the remainder of the money that BCT had transferred into ROTHENBERG'S own bank accounts, from which ROTHENBERG paid personal expenses. At no time did ROTHENBERG inform BCT of his personal use of any portion of the money transferred to the "Frances Jacob" account. Accordingly, BCT was unaware of the fraud perpetrated by ROTHENBERG.

***Defendant's Initials:*** _____

6. In addition to paying bills, ROTHENBERG directly withdrew money from various accounts controlled by BCT. On repeated occasions, ROTHENBERG wrote checks to himself from BCT's accounts, which gave him access to cash that he used for his own purposes. ROTHENBERG also obtained cash directly from BCT's accounts, much of which he spent on personal expenses. ROTHENBERG occasionally paid personal expenses directly from BCT's accounts by writing checks or arranging wire transfers. At no time did ROTHENBERG inform BCT that he used money in the BCT accounts for ROTHENBERG'S own personal expenses.

7. In April of 2009, ROTHENBERG arranged for BCT to obtain a $1.7 million line of credit from Union First Market Bank. In April of 2011, ROTHENBERG submitted an application to extend BCT's line of credit by another $500,000. UFMB subsequently extended BCT's line of credit to a total of $2.2 million. Between 2009 and 2011, ROTHENBERG used funds obtained from the line of credit to pay personal expenses. BCT was at all times unaware of ROTHENBERG'S personal use of that credit to pay his personal expenses.

8. In December of 2007, ROTHENBERG arranged to invest BCT's money in a hedge fund called "Fund A." ROTHENBERG subsequently withdrew substantial sums from Fund A and used the money for his own purposes. On May 31, 2011, ROTHENBERG withdrew $600,000 from Fund A on BCT's behalf. ROTHENBERG specifically arranged for the transfer of that entire sum to one of BCT's accounts at Union First Market Bank in Richmond, Virginia. Once the hedge fund money was transferred, ROTHENBERG transferred $500,000 to the line of credit at UFMB. He then conducted the following additional transfers:

    a. $22,539 to a separate BCT account at UFMB

    b. $54,566 check to "Company A"

*Defendant's Initials:* ___

  c. $15,000 to family members of ROTHENBERG

  d. $8,000 to American Express to pay bill for "Andy Rothenberg"

"Company A" was a business entity in which ROTHENBERG had invested. ROTHENBERG withdrew all of the money in BCT's other accounts for his own use.

  9. In December of 2011, ROTHENBERG arranged for the transfer of $300,000 from Fund A to another BCT account at UFMB. ROTHENBERG subsequently transferred $20,000 to an account in his own name at UFMB, and the remainder to a separate BCT account. ROTHENBERG then used a portion of that money for his personal expenses. All of these transfers were done without BCT's knowledge or consent.

  10. During the years 2009-2012, ROTHENBERG fraudulently obtained between $1 million and $7 million of BCT's money and converted it to his personal use. ROTHENBERG spent BCT's money in numerous ways. ROTHENBERG used the money he wrongfully stole from BCT to pay his business expenses, including: rent, his assistant's salary, health insurance, travel, and retirement savings. ROTHENBERG also used the money he fraudulently obtained from BCT to pay personal expenses. ROTHENBERG also used BCT's money to invest in various business ventures of his own, disconnected from his work for BCT. ROTHENBERG specifically used BCT's money to invest approximately $150,000 in the "Company A" entertainment enterprise.

  11. At no time did ROTHENBERG tell BCT about his personal use of BCT's money. To the contrary, ROTHENBERG consistently took steps to conceal his use of BCT's money from BCT. ROTHENBERG repetitively sent false wire communications to BCT misstating the amount of bills due, and he consistently reassured BCT that BCT's finances were sound and

*Defendant's Initials:* ___

sufficient to cover all of his expenses. ROTHENBERG failed to notify BCT when he used money from the various BCT accounts to pay his own personal and business expenses. BCT was consequently unaware of this long-running fraud scheme until early 2012, when he discovered that money was missing from his accounts and confronted ROTHENBERG.

12. The actions taken by the defendant as described above were taken willfully, knowingly, and with the specific intent to violate the law. The defendant did not take those actions by accident, mistake, or with the belief that they did not violate the law. The defendant acknowledges that the purpose of the foregoing statement of facts is to provide an independent factual basis for his guilty plea. It does not necessarily identify all of the persons with whom the defendant might have engaged in illegal activity.

Respectfully submitted,

_____
TIMOTHY J. HEAPHY
UNITED STATES ATTORNEY FOR THE
WESTERN DISTRICT OF VIRGINIA


After consulting with my attorney and pursuant to the plea agreement entered into this day, I stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: July 23, 2013          _____
                              Getty Andrew Rothenberg


**Defendant's Initials:** /s/

I am GETTY ANDREW ROTHENBERG's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 7/23/2013

_____
Thomas J. Bondurant, Jr.
Counsel for Defendant

Date: 7-23-13

_____
Timothy J. Heaphy
United States Attorney
Virginia State Bar No. 68912

Ronald M. Huber
Assistant United States Attorney
Virginia State Bar No. 31135

**Defendant's Initials:** _____